UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHUBB NATIONAL INSURANCE CO., a/s/o Barry and Jennifer Price, and BARRY AND JENNIFER PRICE,<br>    *Plaintiffs*,<br>v.<br>LABHAUS, LLC,<br>    *Defendant*. | Civil No. 3:19cv425(JBA)<br><br>March 13, 2020 |

**RULING ON PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Plaintiffs move for leave to amend the First Amended Complaint. (Mot. to Amend [Doc. # 21].) Defendant objects. (Def.'s Opp. [Doc. # 22].) For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

I. **Background**

Plaintiffs filed the original Complaint in this action in March 2019 and the First Amended Complaint in May 2019. (First Am. Compl. [Doc. # 9].) The First Amended Complaint claims that on September 26, 2015, Barry and Jennifer Price contracted with LABhaus, LLC ("LABhaus") to design and build a home, referencing the contract and detailing some of its provisions. (*Id.* ¶ 7.) On April 17, 2017, the Prices terminated the contract based on Defendant's alleged violation of material provisions of the contract. (*Id.* ¶ 13.)

During the parties' discussions regarding their Rule 26(f) Report, Defendant's counsel noted that Defendant LABhaus, LLC did not actually "contract to do the construction of the house which is the subject of this action." (Mot. to Amend at 1.) Although LABhaus, LLC "was responsible for the design of the home and agreed to be jointly and severally liable for any poor workmanship by LABhaus Construction [Services], LLC" ("LABhaus Construction"), it was

actually LABhaus Construction which "contracted to construct the house." (*Id.*) The First Amended Complaint does not name LABhaus Construction. LAbhaus Construction is "an affiliate of LABhaus," and "the two companies have common members and the same corporate agent." (*Id.* at 1-2.), Plaintiffs now seek to further amend their complaint to add Defendant LAbhaus Construction Services, LLC and to "properly designate and attribute the allegations of fault between the two related entities." (*Id.* at 1.) The Proposed Second Amended Complaint includes six new counts—Counts I, II, IV, V, VIII, and IX. ([Doc. # 21].) Defendant objects to the addition of Counts I, II, IV, VIII, and IX.

## II. Discussion

Where amendment as a matter of course no longer applies, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." But "leave to amend may be denied if the amendment would be futile." *In re American Exp. Co. Shareholder Lit.*, 39 F.3d 395, 402 (2d Cir. 1994). Specifically, "[w]here a proposed amended complaint cannot itself survive a motion to dismiss, leave to amend would be futile and may clearly be denied." *Donovan v. Am. Skandia Life Assur. Corp.*, 217 F.R.D. 325, 325 (S.D.N.Y. 2003).

### A. Counts I and II—Negligence

Defendant argues that inclusion of the proposed negligence claims in Counts I and II against LABhaus Construction would be futile because those claims are time barred under Conn. Gen. Stat. § 52-584, which requires such claims to be brought within two years of the date of injury or discovery of injury. As Plaintiffs terminated the LABhaus contract on April 12, 2017 and thus presumably discovered the injury no later than that date, Defendant argues that Plaintiffs' attempt to bring new negligence claims in August 2019 is time barred.

Plaintiffs respond that the proposed Counts I and II relate back to the timely filed original complaint under Fed. R. Civ. P. 15(c)(1) and thus are not time barred. "[T]he purpose of relation back is 'to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits.'" *Pinsonneault v. City of Hamden*, 2012 WL 3637639, at *4 (D. Conn. Aug. 22, 2012) (quoting *Krupski v. Costa Crociere S. p. A.*, 560 US 538, 550 (2010)). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted if": 1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; 2) "the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits"; and 3) "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1).

Defendant disputes only the third requirement, arguing that 1) Plaintiff did not make a "mistake concerning the proper party's identity," and 2) that LABhaus and LABhaus Construction did not know or have reason to know that Plaintiff's decision to sue only LABhaus was anything other than a deliberate choice. Defendant argues that Plaintiff did not make the requisite mistake of identity because "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." (Def.'s Opp. at 5 (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995)).)[1] In support of that argument,

---

[1] The *Barrow* court addressed a set of facts which are quite different from those at issue here. In *Barrow*, the Plaintiff initially named ten "John Does," and later sought to amend his

3

Defendant points to the contracts Defendants Barry and Jennifer Price signed with LABhaus and LABhaus Construction, which "clearly delineate[], in the very first paragraph, LABhaus Construction as the Contractor and LABhaus Design as the Designer." (Def.'s Opp. at 7; see Ex. B (Construction Agreement) to Def.'s Opp [Doc. # 22-2] at 1.) Because "[e]ven a cursory review of either contract reveals that LABhaus Design and LABhaus Construction are two separate entities and had two different roles," Defendant argues that it was entitled to assume that Plaintiff's decision to sue only LABhaus was a deliberate decision and not a mistake.

Plaintiffs do not dispute that the contracts at issue plainly delineate the existence of and the separation of responsibility between the distinct LABhaus entities. Nor do Plaintiffs offer any credible explanation of why or how they came to be "mistake[n]" about the identity of the proper parties to sue in light of the plain language of those contracts. Nonetheless, these circumstances hardly justify any conclusion by Defendants that Plaintiffs made a deliberate choice in naming only the design company for the construction failures alleged. A review of the allegations of the First Amended Complaint makes clear that Plaintiffs intended to sue the entity responsible for the construction of their home and that they believed the named defendant, LABhaus, LLC, was that entity. (*See* First Am. Compl. ¶¶ 3 ("Defendant LABhaus was engaged in the business of residential home . . . construction."), 8 ("The contract called for the Defendant to construct the house. . . .").)

---

complaint, beyond the expiration of the statute of limitations, to identify six of those defendants by name. 66 F.3d at 470. The Second Circuit concluded that the proposed amended complaint in *Barrow* "did not correct a mistake in the original complaint, but instead supplied information Barrow lacked at the outset," and thus the "new names were added not to correct a mistake but to correct a lack of knowledge." *Id.* Because the plaintiff knew he needed to discover the identities of the defendants—as evidenced by his choice to name them as "John Does" in the initial complaint—his pleading strategy could not be characterized as a "mistake."

4

Thus, the LABhaus entities knew, or at the very least should have known, that Plaintiffs' decision to sue only LABhaus, LLC was based on Plaintiffs' mistaken impression that they had sued the entity responsible for the construction on their home. Contrary to Defendant's suggestion, that Plaintiffs knew or should have known of the existence and role of LABhaus Construction does not demonstrate that their decision to sue only LABhaus was not based on a mistake. *See Krupski*, 560 U.S. at 549 ("We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. . . . That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.").

Here, it is obvious that the original Defendant was incorrectly named as the construction contractor, and without doubt LABhaus Construction knew of that mistake, having received notice of the lawsuit through its corporate agent. It is also obvious that the Price Plaintiffs knew or should have known of the existence of LABhaus Construction and its role in the building of their home. Nonetheless, the First Amended Complaint makes clear that Plaintiffs' decision to sue only LABhaus was based on the type of mistake to which Rule 15(c)(1) is intended to apply, as they clearly but mistakenly believed they had sued the entity responsible for the construction of their home. LABhaus Construction claims no prejudice in defending this action, and the preference for merits resolution of claims is not served here by giving LABhaus Construction Services a windfall, especially where the contractor and designer are closely related business entities. The Court concludes that Counts I and II of the Proposed Second Amended Complaint properly relate back

to the allegations of the First Amended Complaint. Accordingly, Defendants' objection is overruled.

## B. Count IV—Breach of Contract

Count IV of the Proposed Second Amended Complaint asserts a claim of breach of contract on behalf of Plaintiff Chubb National Insurance Company ("Chubb") against LABhaus Construction. Plaintiffs assert that Chubb "is subrogated to the rights of its insureds, Barry and Jennifer Price," who did contract with LABhaus Construction. (Pls.' Reply [Doc. # 23] at 7.) Thus, Plaintiffs argue, Chubb "has the right to bring a claim for breach of contract on behalf of its insureds against LABhaus Construction." (*Id.*) Defendant argues that inclusion of this count would be futile because it fails to state a claim upon which relief could be granted, and would thus be dismissed under Federal Rule of Civil Procedure 12(b)(6), because "Chubb has failed to allege the formation of an agreement with LABhaus Construction." (Def.'s Opp. at 8.)

Defendant's argument fails as a matter of law. "The common-law doctrine of . . . equitable subrogation . . . enables an insurance company that has made a payment to its insured to substitute itself for the insured and to proceed against the responsible third party." *Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency, Inc.*, 309 Conn. 448, 455 (2013). Connecticut state law regarding subrogation plainly permits an insurance company to sue for breach of contract in place of its insured where the insured contracted with the defendant. *See, e.g., Amica Mutual Ins. Co. v. Muldowney*, 328 Conn. 428, 433 (2018) (plaintiff insurance company "brought . . . subrogation action against the defendants to recover sums the plaintiff had paid" to its insured and the "complaint alleged breach of contract . . . by the defendants"); *Fidelity & Cas. Co. of New York v. Constitution Nat'l Bank*, 167 Conn. 478, 478 (1975) (an "action alleging breach of contract . . . brought by" the insurance company "as subrogee" of its insured which had contracted with the

6

defendant). Thus, if Chubb can prove that equitable subrogation is proper based on the facts of this case and that LABhaus Construction breached its contract with the Prices, then Chubb may bring claims of breach of contract against LABhaus Construction. Therefore, Defendant has not demonstrated that the inclusion of Count IV would be futile, and Defendant's objection as to that count is overruled.

### C. Counts VIII and IX—Breach of Warranty

Counts VIII and IX of the Proposed Second Amended Complaint bring claims of breach of warranty on behalf of Chubb and the Prices against LABhaus Construction. Plaintiffs claim that LABhaus Construction made express and implied warranties concerning the quality, nature and extent of services it would perform, and that LABhaus Construction breached those warranties. Defendant argues that inclusion of these claims would be futile because "Connecticut does not recognize an independent cause of action outside a contract claim for common-law breach of warranty." (Def.'s Opp. at 9 (citing *Amica Mutual Ins. Co. v. Abar Development, LLC*, 2013 WL 1800453 (Conn. Super. Ct. Apr. 3, 2013).) Plaintiffs respond that "a ruling from a state trial court does not alter the liberal pleading rules followed by the Federal Courts." (Pls.' Reply at 8.) In the alternative, if the Court precludes Counts VIII and IX, "Plaintiffs request the opportunity to amend their breach of contract counts to add the allegations of breach of warranty." (*Id.*)

*Abar Development*, the sole case cited by Defendant in support of its argument that these claims are not permitted in Connecticut, notes that "Connecticut does not recognize an independent cause of action for a breach of implied warranty." 2013 WL 1800453, at *11. The Court agrees that *Abar Development*, which also provides a thorough discussion of other state cases on this question, demonstrates plainly that Connecticut does not recognize the type of separate claim for breach of implied warranty which Plaintiffs attempt to bring in Counts VIII and IX.

7

Separately, Plaintiffs assert in those counts an allegation of breach of *express* warranties, which *Abar Development* does not address. In reviewing the factual allegations of the Proposed Second Amended Complaint, the Court sees no allegations which would permit the conclusion, even drawing all inferences favorable to Plaintiffs, that LABhaus or LABhaus Construction offered any express warranties which were not incorporated in the contracts at issue in this case. (*See* Proposed Second Am. Compl. ¶¶ 1-27.) Absent any supporting factual allegations, the claims for breach of express warranty would not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), and thus the amendment of the complaint to include those claims would be futile. Thus, Defendant's objections as to Counts VIII and IX are sustained.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend the Complaint [Doc. # 21] is GRANTED as to Counts I, II, IV, and V of the Proposed Second Amended Complaint, and DENIED as to Counts VIII and IX. Within fourteen days of the date of this ruling, Plaintiffs shall file a Second Amended Complaint which omits Counts VIII and IX of the Proposed Second Amended Complaint.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of March 2020.